**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**RITA NEY,**

     **Plaintiff**

 **v.**

**HOME DEPOT U.S.A., INC.,**

     **Defendant**

**Civil Action No.: 3:16-cv-00807**

**Filing Date: May 25, 2016**

## NOTICE OF REMOVAL

The Defendant, Home Depot U.S.A., Inc., (hereinafter "Home Depot" or "Defendant"), hereby petitions this Court for removal of this action from the Superior Court, Judicial District of New Haven, to the United States District Court for the District of Connecticut, pursuant to U.S.C. §1446 *et seq.* based on the following:

## BACKGROUND

1. On April 28, 2016, Plaintiff, Rita Ney ("Plaintiff") filed a Complaint against the Defendant in the Superior Court, Judicial District of New Haven, Docket No.: NNH-CV16-6061924-S (the "State Court Action").

2. Home Depot has not yet answered, moved, or otherwise responded to the Complaint in the State Court Action.

3. Attached hereto as Exhibit A are true and correct copies of the Summons – Civil, Complaint and Prayer for Relief. These documents constitute all the process, pleadings, and orders filed in the State Court Action to date.

## TIMELINESS OF REMOVAL

4. Plaintiff served Home Depot with a copy of the Summons and Complaint on April 25, 2016.

5.    The removal of this action is timely having been accomplished within thirty (30) days of the date on which Plaintiff served Home Depot with a copy of the Complaint.

## VENUE

6.    Under 28 U.S.C. §1441(a), the United States District Court for the District of Connecticut is the proper venue for removal because it embraces the place where this action is pending.  28 U.S.C. §§1441(a) and 1446(a).

## JURISDICTIONAL BASIS FOR REMOVAL

### Diversity Jurisdiction

7.    Removal is appropriate under 28 U.S.C. §1332(a) because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

8.    Plaintiff is a citizen of the State of Connecticut. (See Exhibit A, Summons-Civil).

9.    Defendant is incorporated in the State of Delaware, and at all relevant times, has had its principal place of business in the State of Georgia. Home Depot, therefore, is not and was not at the time of filing, a citizen of the State of Connecticut.

10.    There is a reasonable probability that the amount in controversy in this action, excluding interest and costs, exceeds the sum or value of $75,000. In Plaintiff's Complaint, she seeks to recover damages including an order making the Plaintiff whole for any lost wages and benefits; an award of compensatory damages; an award of punitive damages; an award of attorney's fees and costs for bringing this action; and such other legal or equitable relief as the court deems appropriate." Plaintiff's Complaint places no limits on the amount of her alleged damages.  Based upon the nature of the damages Plaintiff seeks, the amount in controversy is in excess of $75,000, and it cannot be stated to a legal certainty that the value of Plaintiff's claims are below that amount.  28 U.S.C. §1332(a).

2

11.     Plaintiff is a citizen of Connecticut, whereas Home Depot is a citizen of Georgia, so the citizenship of each Plaintiff is diverse from the citizenship of every Defendant. Accordingly, this Court has original jurisdiction under 28 U.S.C. §1332 based on complete diversity of citizenship. Moreover, the amount in controversy exceeds $75,000, thereby rendering the action subject to removal under 28 U.S.C. §1441.

## PROCEDURAL COMPLIANCE

12.     Defendant has complied with the procedural requirements for removal. In accordance with 28 U.S.C. §1446(a), Defendant has attached copies of all process, pleadings, and orders served upon them. (See Exhibit A). Concurrently with the filing of this Notice of Removal and pursuant to 28 U.S.C. §1446(d), Home Depot is filing with the Superior Court, Judicial District of New Haven, State of Connecticut, a "Notice of Filing of Notice of Removal of State Court Action to the United States District Court for the District of Connecticut," a copy of which is attached as Exhibit B. Home Depot is further serving on counsel for Plaintiff a "Notice to Adverse Parties of Removal of State Action to the U.S. District Court for the District of Connecticut," a copy of which is attached as Exhibit C.

## MISCELLANEOUS ISSUES

13.     By filing this Notice of Removal, Home Depot does not waive any defense that may be available to it, including, but not limited to, service, service of process, sufficiency of process, venue, or jurisdiction, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

3

Respectfully submitted,

**HOME DEPOT U.S.A., INC.**

By Their Attorneys

*/s/ Ryan W. Jaziri*
M. Amy Carlin, Esq. (*pro hac* forthcoming)
Ryan W. Jaziri, Esq. (Fed. No. ct29428)
**MORGAN, BROWN & JOY, LLP**
200 State Street, 11th floor
Boston, MA  02109
T: (617) 523-6666
F: (617) 367-3125
E: acarlin@morganbrown.com
Date: May 25, 2016                    E: rjaziri@morganbrown.com

## CERTIFICATE OF SERVICE

I, Ryan W. Jaziri, hereby certify that, on the 25th day of May, 2016, I served a copy of the above pleading by first class mail, postage prepaid, on:

John M. Walsh, Jr.
Licari, Walsh & Sklaver, LLC
322 East Main Street, Suite 2B
Branford, CT 06405

*/s/ Ryan W. Jaziri*
Ryan W. Jaziri, Esq.

4